# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Karen Titman, | ) | CASE NO. 1:17 CV 1728 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Kathleen B. Burke (Doc. 22) recommending that the decision of the Commissioner be AFFIRMED. Plaintiff has filed objections. The R&R is hereby ACCEPTED.

## STANDARD OF REVIEW

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b) provides in pertinent part:

> The district judge to whom the case is assigned shall make a de

1

> novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

**ANALYSIS**

As set forth below, the Court incorporates the R&R into this Opinion. Therefore, the Court need not repeat the medical history, which is thoroughly recited by the Magistrate Judge. Plaintiff objects on the basis that:

> The ALJ did not find [ ] [plaintiff's] venous insufficiency to be a severe impairment. The ALJ also did not find the venous insufficiency to be a non-severe impairment. Thus, only one choice remained: to classify the impairment as not medically determinable.... With that settled, the regulations indicate that the venous insufficiency was to get no consideration when the ALJ constructed the residual functional capacity. Thus, the Magistrate Judge's rationale here is legally incorrect.

Upon review, the Court rejects the objection. Here, plaintiff fails to identify any error that befell her as a result of the ALJ's purported failure to "classify" the venous insufficiency. As the Magistrate Judge points out, the ALJ did consider plaintiff's venous insufficiency. And, the Magistrate Judge correctly notes that the ALJ restricted plaintiff to a reduced range of sedentary work. Plaintiff fails to demonstrate how this restricted RFC does not adequately account for any alleged limitation caused by the venous insufficiency. Accordingly, the objection is REJECTED.

**CONCLUSION**

This Court, having reviewed the Report and Recommendation and finding plaintiff's objections without merit, hereby accepts the Magistrate Judge's Report and Recommendation. In accordance with that recommendation, judgment is entered in favor of the Commissioner for the

2

reasons stated by the Magistrate Judge and the Report and Recommendation is incorporated herein by reference.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 10/19/18